[Civ. No. 315. First Appellate District.—February 7, 1907.]

FISHER AMES, Respondent, v. TERESA BELL, Appellant.

ACCOUNT—PLEADING—BILL OF PARTICULARS—PURPOSE OF CODE PROVI-
SION.—The purpose of the provisions of section 454 of the Code
of Civil Procedure, that "it is not necessary for a party to set
forth in a pleading the items of an account therein alleged, but
he must deliver to the adverse party, within five days after a de-
mand therefor in writing, a copy of the account, or be precluded
from giving evidence thereof," is to give the adverse party rea-
sonable notice of the items constituting the claim he is required to
meet. so that he may prepare for trial.

ID.—NATURE OF BILL OF PARTICULARS—AMPLIFICATION OF PLEADING—
FURTHER ORDER—AMENDMENT.—The bill of particulars required is
in the nature of an amplification of the pleading to which it relates,
and it is to be construed as part of it for certain purposes; and
when the court or judge orders "a further account when the
one delivered is too general, or is defective in any particular,"
as the section provides, the further or amended account is to be
construed as an amended pleading for certain purposes.

ID.—WAIVER OF OBJECTION TO AMENDED BILL—MOTION AT TRIAL—OB-
JECTION TO EVIDENCE.—Where, after the furnishing of an amended
bill of particulars by order of court, the defendant made no objec-
tion to its items for over five months, and until the very moment of
trial, objection thereto was waived, and a motion then made for a
further bill of particulars came too late, and was properly denied.
The defendant cannot object at the trial to any evidence coming
within the general scope of the complaint and the amended bill of
particulars.

5 Cal. App.—1         (1)

Id.—EFFECT OF AMENDED BILL—PRIOR BILLS SUPERSEDED—NEW ITEMS
    —WAIVER OF OBJECTION.—The amended and last bill of particulars
    ordered by the court superseded former bills, and it may include
    items of the general account for services not before specifically
    mentioned in previous bills, and where evidence relating thereto was
    given without objection, and no motion was made to strike it out as
    a whole, the evidence as to such items must stand.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial.  John Hunt, Judge.

The facts are stated in the opinion of the court.

T. Z. Blakeman, for Appellant.

Theodore J. Roche, for Respondent.

COOPER, P. J.—This action was brought to recover $8,500,
balance alleged to be due plaintiff for services as an at-
torney and counselor at law, performed at defendant's in-
stance and request.  The case was tried with a jury, and a
verdict rendered for plaintiff in the sum of $3,000, upon
which judgment was entered.  Defendant made a motion for
a new trial, which was denied, and this appeal is from the
judgment and the order denying the motion.

It is not claimed that the evidence is insufficient to sustain
the verdict, nor is there any suggestion that the instructions
to the jury were in any respect erroneous.  The main con-
tentions of the defendant relate to a bill of particulars fur-
nished by the plaintiff to the defendant, concerning which
error is claimed in the refusal of the court to make an order
striking out the bill; in the refusal of the court to compel
the plaintiff to furnish such bill as it is claimed the court
ordered; and the refusal of the court to grant the defend-
ant's motion for a continuance until such time as the plaintiff
should have furnished a bill of particulars to comply with
the order of the court.  As these alleged errors all relate
to the one question as to the bill of particulars, we will con-
sider them under the one head.

On November 17, 1902, upon demand of defendant, plain-
tiff furnished her a bill of particulars which contained the
item of $2,012.50 for eight hundred and five consultations

between September 21, 1895, and October 27, 1898, and the item of $5,587.50 for legal services rendered at the request of defendant in the matter of the estate of Thomas Bell, deceased, and in the matter of the guardianship of the minors. Upon motion of the defendant, and on the thirtieth day of January, 1903, the court made an order directing plaintiff to make and deliver to defendant a further bill of particulars, specifying separately the services rendered in the estate of Thomas Bell, deceased, and for defendant as guardian of the minors, and the dates and general subjects and nature of the eight hundred and five consultations. On February 14, 1903, the plaintiff delivered to the defendant an amended bill of particulars in response to the order that had been made by the court. Defendant claims that the amended bill of particulars did not comply with the order of the court in certain respects, and, on the sixteenth day of March, 1903, the court, at the request of the defendant, made an order directing the plaintiff to furnish defendant with "an amended and further bill of particulars." On the twenty-eighth day of April, 1903, in response to the second order of the court, the plaintiff served defendant with an amended and further bill of particulars, in which he gave at great length statements of services in the various matters connected with the estate of Thomas Bell, deceased, the guardianship matters, and his various services for defendant as her attorney. This amended and further bill of particulars goes into detail as to dates, times, places, time occupied, and kind of services rendered for the defendant. It takes up one hundred and eighty-seven folios, or nearly half the transcript, and evidently was an attempt in good faith to comply with the order of the court. It was not objected to, except as hereinafter stated, and the case was set down for trial at the request of the parties. The deposition of the defendant was taken. The case was not reached on the trial calendar of the court until October 6, 1903, and during the time intervening after the last bill of particulars was served and up to October 5, 1903, a period of over five months, no objection was made to the last bill of particulars, and no intimation by defendant that she would not be ready for trial. On the day the case was called for trial, and upon only one day's notice, defendant made a motion to strike from the files the last bill of particulars,

and asked for an order to compel the plaintiffs to furnish another bill of particulars, and for a continuance of the case until the plaintiff should comply with the orders of the court already made in regard to the bill of particulars. The court denied each of said motions, and directed the parties to proceed with the trial. In this the court did not abuse its discretion. As to whether or not the defendant should have used more diligence, and asked for relief in regard to the bill of particulars before the trial, so as not to interfere with the orderly conduct thereof, and as to whether or not the amended bill of particulars substantially complied with the order of the court, were matters resting largely in the discretion of the trial judge. It is provided in section 454, Code of Civil Procedure, that when the items of an account are not set forth in a pleading the pleader "must deliver to the adverse party, within five days after a demand therefor in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge may order a further account when the one delivered is too general, or is defective in any particular." The purpose of the above section is to give the adverse party reasonable notice of the items constituting the claim which he is required to meet, so that he may prepare for trial. It is in the nature of an amplification of the pleading to which it relates, and is to be construed as a part of it for certain purposes. It has the effect of restricting the evidence and limiting the recovery to the matters and things set forth therein, provided proper objections are made, and the court's attention called to any material departure from it. When the court or judge orders a further account or bill of particulars, as the section provides may be done, the further or amended account is to be construed as an amended pleading for certain purposes. We therefore have in this case an application made by defendant, at the time the case is ready for trial, for an order requiring the plaintiff to serve a further account or bill of particulars. The court may well have denied the motion, for the reason that, defendant having made no objection to the last bill of items served upon her for over five months, and not till the moment of the trial, the motion came too late. (*Dennison* v. *Smith*, 1 Cal. 437; *Connor* v. *Hutchison*, 17 Cal. 279; *McCarthy* v. *Mt. Tecarte L. & W. Co.*,

110 Cal. 687, [43 Pac. 391]; *Silva* v. *Bair*, 141 Cal. 601, [75 Pac. 162].)

Plaintiff was allowed to testify, under defendant's objection, to services in examining the claims of seven creditors of the estate of Thomas Bell, deceased, one being a claim for $16,000, and also to services in the contested claim of one Butler against the estate for $1,600, and other items of like character. The main ground of objection to the evidence was that the amended bill of particulars was not sufficiently specific, did not set forth the dates on which the several items of services were performed, and that the bill of particulars did not comply with the order of court. The matters concerning which plaintiff was testifying were not wholly omitted from the last bill of particulars, and we are of opinion, from what has already been said, that the defendant had waived the right to any further bill of particulars, or to object to any testimony within the general scope of the complaint and the amended bill. The bill of particulars contained the following items:

"Between the 15th and 18th days of said month (October, 1895), he examined the accounts of seven creditors of said deceased, and thereafter the petitions of two of said creditors, one for a sale of real estate, and the other for an order to show cause; also a return of sale thereon."

"On November 26, 1895, he prepared and filed the answers of defendant to said petitions of said creditors; thereafter, and during said month he received a demurrer to said answers and examined claims of P. F. Butler and Roos Bros. against said estate."

"During said period of time, between said 21st day of September, 1895, and said 27th day of October, 1898, plaintiff was obliged to and did appear repeatedly in court, upon the hearings and trial of said proceedings hereinabove specified, and in relation to matters connected with the administration of said estate."

This was sufficient to notify the defendant of the nature of the charge in the estate of Thomas Bell, deceased, and the amount of the charge as attorney for the guardian of the minors, and authorized evidence as to the nature and character of the services performed under each heading in connection with the estate or the guardianship respectively.

The defendant complains that while the plaintiff made no charge in his first bill of particulars for his services rendered plaintiff in and about the guardianship of the Bell minors, he did make such charge in the last bill. The amended and last bill of particulars superseded the others, and we know of no reason why it might not include all services rendered to and for defendant at her special instance and request. A further answer to the last contention is that the evidence given by plaintiff relative to the guardianship was given without objection, and no motion was made to strike it out. Counsel for defendant, after the testimony was in, moved to strike out the statement of plaintiff as to consultations with defendant in regard to a petition to revoke her letters of guardianship, but the motion only went to the statement as to consultations.

The objection to the inventory and appraisement being received in evidence as to the value of the estate of Bell is extremely technical, and the ruling not of sufficient importance to justify a reversal of the case. Not only this, but it is not clear from the record that the counsel objected on the ground that the inventory and appraisement were incompetent because hearsay.

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.