[L. A. No. 2524. Department Two.—January 7, 1911.]

SALINAS VALLEY LUMBER COMPANY, Respondent, v. MAGNE-SILICA COMPANY, Appellant.

SALE OF LUMBER—REASONABLE TIME FOR DELIVERY.—Under a contract of sale of lumber, in which no time for performance is specified, the seller is allowed a reasonable time in which to deliver.

ID.—ENDEAVOR TO EXPEDITE DELIVERY.—MODIFICATION OF CONTRACT.— Urgent appeals by the purchaser to expedite the delivery, and the endeavor of the seller to comply therewith, occurring after the making of the contract, did not have the effect to modify the contract as to the time of delivery.

ID.—DELAY IN DELIVERY—CONFUSION IN TRANSPORTATION FACILITIES.— In the present case, the evidence sustains the finding that the delay in delivering the lumber in question resulted from the disturbance and confusion of transportation facilities following the earthquake and fire of April, 1906, and was not unreasonable.

ID.—GOODS SOLD AND DELIVERED—PLEADING—COMMON COUNT.—A complaint in the form of a common count for goods sold and delivered is sufficient as a statement of a cause of action under the Code of Civil Procedure.

ID.—EVIDENCE OF DIFFERENCE IN VALUE—AGREED PRICE.—In an action to recover for lumber sold under an express contract which fixed its price, after evidence had been introduced to the satisfaction of the trial judge that the lumber furnished conformed to the specifications of the contract, he was justified in refusing to allow, as immaterial, an inquiry, as to the difference in value between that furnished and that contracted for.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order refusing a new trial. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

John M. York, and Waldo M. York, for Appellant.

Canfield & Starbuck for Respondent.

HENSHAW, J.—This is an action to recover for lumber sold to and used by the defendant company. Plaintiff had judgment and defendant appeals from that judgment and from the order denying its motion for a new trial.

The contract between the parties was in writing evidenced by the following letter from the plaintiff lumber company to the defendant and the defendant's acceptance thereof:—

"LOMPOC, CAL., April 18, 1906.

"MR. GEO. MASON,

"Los Angeles, Calif.

"Dear Sir:—

"We herewith enclose list of lumber, which was handed to us by your Mr. Hannaman which we agree to sell to you f. o. b. cars at Lompoc for $3328.65. This is a very close figure considering the price lumber is selling at now, and we trust that we may be successful in securing your order.

"Furthermore, we anticipate that you may want some lumber out of our yard stock, which is usually the case in all building operations, and anything of this kind we will sell to you on the same basis rate of the entire bill of lumber. We will sell you stock, which we feel perfectly safe in saying

cannot be excelled as to quality by any other lumber company on the coast.

"We would like to have you allow us time enough to have this lumber shipped direct from the mills if it is possible, which would mean about 30 days' time.  However, we can give you prompt delivery if necessary barring the 'balled up' condition of the S. P. Co's freight system just at present. Trusting that we may receive a favorable reply from you at an early date, we beg to remain

"Yours very truly,

"S. V. Lumber Co.,

"A. C. Whittemore, Agt."

Defendant's acceptance was oral, defendant's agent testifying: "I told him (Mr. Whittemore) that we wanted the lumber on immediate delivery, and he said it would be coming in, possibly some of it in twenty days, or from twenty to thirty days the lumber would be coming in."  Such was the contract.  Defendant was engaged in mining an infusorial earth called Sil-O-Cel and desired the lumber principally to construct a warehouse for the storage of this product.  It particularly desired to erect the warehouse before the oncoming rains, since the effect of water upon the Sil-O-Cel is greatly to impair if not utterly to destroy its value.  Thus it became important to defendant to house the earth and protect it from the winter rains.  Much confusion resulted to all transportation lines following the San Francisco earthquake and fire and deliveries of freight were delayed.  This lumber was not delivered and the warehouse was not constructed until after the rains had fallen and damaged greatly defendant's unprotected Sil-O-Cel.  For this damage defendant sought compensation by way of counterclaim.  The cause was tried by the court.  It was also insisted that some of the lumber furnished by plaintiff was of a quality inferior to that called for by the contract.  In an addendum to the letter above quoted was given the estimated quantity, the grade and the price of the different kinds of lumber required.

Defendant's contentions upon the trial were, that time was of the essence of the contract; that at the time of entering into the contract plaintiff knew that defendant's purpose was to use the lumber to erect its warehouse; knew that the warehouse was necessary to protect the infusorial earth from dam-

age by rain; and knew that if the warehouse was not com-
pleted before the rain should fall the infusorial earth then
mined, and which plaintiff knew was mined, would be greatly
damaged. The findings of the court were against the defend-
ant upon all the issues joined. Defendant here contends that
by its very terms time was of the essence of the contract and
that plaintiff's agreement was to furnish the lumber within
thirty days.

It is apparent, however, that time is not made of the es-
sence of the contract by its terms, and the cases to which ap-
pellant refers are those where the specified time of perform-
ance was named in the contract, and it was left for the court
to say whether under the terms and conditions of the con-
tract, this time so specified was of the essence. Such cases
are very different from that of the one at bar where no time
for the completion of the contract is specified at all, and where
plaintiff's agent, in answer to the testimony of Mr. Wayne
Mason above quoted, declares that he did not make any prom-
ise to deliver lumber at any specified time, made no statement
of the kind, and "never agreed with Mr. Wayne Mason or
promised Mr. Wayne Mason or any other person connected
with the defendant corporation that any lumber would arrive
at any specified date or within any specified number of days."
It abundantly appears that the defendant company when it
found that there was delay in the delivery of lumber wrote
urgent letters and made urgent appeals to plaintiff to furnish
the lumber as promptly as possible and it appears also that
plaintiff endeavored to do this. This was after-acquired in-
formation and it did not form a part of the contract or the
consideration thereof, and could not, of course, modify its
terms or bind plaintiff to any more prompt performance than
called for by the contract itself, under which, since time was
not of the essence, plaintiff was allowed reasonable time. As
to this the court found upon sufficient evidence that the delay
resulted from the disturbance and confusion of transporta-
tion facilities and was not unreasonable. Of course, if time
had been of the essence of the contract and it was possible for
the plaintiff to have completed it, there would be no room for
the operation of the rule which allows reasonable time accom-
panied by reasonable effort (*Luckhart* v. *Ogden,* 30 Cal. 547;
*Reedy* v. *Smith,* 42 Cal. 245), but, as has been said, in this

case as time was not of the essence of the contract, all that the plaintiff was bound to do was to fulfill its contract by reasonable effort within reasonable time, as the court found it did.

The evidence upon the quality of the lumber was likewise conflicting, and the court's finding that it was up to the standard called for, will therefore be sustained without discussion.

The complaint was in the form of a common-law count for goods sold and delivered. It is earnestly contended that it states no cause of action under our reformed system of code pleading,—this, notwithstanding the declaration in *McDonald* v. *Pacific Debenture Co.*, 146 Cal. 667, [80 Pac. 1090], cited by the defendant, where the court declares that the sufficiency of such a complaint has been settled by repeated decisions. Whatever may be thought of the sufficiency of such a pleading, we will not undertake to overthrow it at this late day. It certainly prejudiced the defendant in no way, since the defendant may always exact a statement of the particulars of the account. (Code Civ. Proc., sec. 454.)

Error is assigned in the court's sustaining an objection to a question asked one of defendant's witnesses as to how much less, if anything, the lumber which he received was worth than the lumber which was described in the original contract. This ruling took place at a stage of the trial when it had been proved that the lumber was tendered in fulfillment of the contract, that its delivery was at a fixed price, and that it had been inspected by a representative of the purchaser and all unsatisfactory pieces rejected, and the remainder accepted unconditionally and used in defendant's building. The witness had also testified fully as to the grade or grades of lumber delivered. As the trial judge at that time must have concluded that the lumber which was furnished was up to specification, he was correct in ruling that the difference in value between the lumber furnished and that contracted for opened up an immaterial inquiry.

The judgment and order appealed from are, therefore, affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.