[Civ. No. 4953. Second Appellate District, Division One.—April 10, 1925.]

W. E. STEINECK, etc., Respondent, v. WILL H. COLEMAN, Appellant.

**[1]** APPEAL—DISMISSAL—GROUNDS.—The fact that the grounds stated for a motion to dismiss an appeal from an order denying motion to vacate a judgment might have been suggested in connection with a previous motion to dismiss (which was denied) if respondent had elected to include them, is alone a sufficient reason for declining to consider the second motion.

[2] ID.—ORDER DENYING MOTION TO VACATE DEFAULT JUDGMENT—EVIDENCE—PRESUMPTIONS—DEFENSE.—Where evidence is omitted from the record on an appeal from an order denying a motion to vacate a default judgment, it must be presumed on appeal that the omitted evidence fully justified the order appealed from, although the evidence contained in the record itself is insufficient, and even though the answer of the defaulting defendant, verified, and tendered with the motion, states a defense, and meets all the requirements of an affidavit of merits.

[3] ID.—AFFIDAVITS—BRIEFS.—Where an affidavit in support of a motion to vacate a judgment was not presented by the appellant in his opening brief on appeal from an order denying such a motion, the respondent in preparing his brief was not under any obligation to present the affidavit used on his behalf in the lower court.

[4] ID.—DEFAULT—EVIDENCE—DISCRETION.—While a mistake of law on the part of the attorney for the defendant in believing that the serving of a demand for a bill of particulars extended his time to answer might, under some circumstances, serve as a justification for relief under the provisions of section 473 of the Code of Civil Procedure, nevertheless the court on the hearing of the motion to set aside the default was entitled to take into consideration all of the facts presented, in order to determine whether or not the default had been suffered as the result of excusable delay, or was a part of a policy of intentional delay on the part of the defendant; and on this motion for affirmance of an order denying a motion to vacate a default judgment, it is held the trial court in acting upon the evidence in this manner did not abuse its discretion.

(1) 4 **C. J.**, p. 586, n. 72. (2) 4 **C. J.**, p. 789, n. 69. (3) 3 **C. J.**, p. 1408, n. 18. (4) 34 **C. J.**, p. 372, n. 79.

MOTION to dismiss appeal from an order denying motion to vacate judgment and motion for affirmance of order. Motion to dismiss appeal dismissed. Order denying motion to vacate judgment affirmed.

The facts are stated in the opinion of the court.

Andrew J. Copp, Jr., for Appellant.

A. B. Edler for Respondent.

4. See 14 **Cal. Jur.** 1044.

CONREY, P. J.—Respondent moves to dismiss the appeal from the order denying motion to vacate judgment, upon the ground that the appeal is taken solely for the purpose of delay and is frivolous. By an order made some time ago the court granted a motion of respondent to dismiss the appeal from the judgment and denied a motion made at the same time to dismiss the appeal from the order. [1] The grounds stated for the present motion might have been suggested in connection with the former motion if respondent had elected to include them. This alone is a sufficient reason for declining to consider such motion at this time.

Respondent further moves for an order affirming the order denying the motion to vacate judgment, on the ground that appellant has not, in his brief or in any supplement thereto, printed any portion of the record. It is true that the opening brief for appellant does not contain quotation or copy of any part of the record. The reply brief of appellant, which has been filed pending the decision of this motion, does contain some quotations or copies from the transcript. Since the case has been submitted on the merits at the same time that this motion was submitted, we shall assume that appellant has now, although tardily, complied with section 953c of the Code of Civil Procedure, wherein it is provided that in the case of an appeal taken upon a typewritten transcript, the parties must in filing their briefs "print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court."

But we take occasion here to suggest that failure to comply with this statute by printing a sufficient part of the record to enable the court to determine the merits of the questions presented for decision is, in its probable results, somewhat analogous to the failure of a litigant to obtain a sufficient bill of exceptions. In the year 1919 (Stats. 1919, p. 261) the legislature made an addition to section 953c which practically destroyed its effect by directing, among other things, that an appeal should not be decided adversely to any party for failure to print in his brief the portion of the record or any part thereof in support of his points. Following that amendment, and referring directly thereto, the supreme court held that the statute requiring the print-

ing in the briefs of the record and evidence relied upon in an appeal "must be regarded as one for the convenience of the appellate tribunals, and for that reason directory only, and should be disregarded by the court wherever substantial justice requires it to be done." (*People* v. *Woods,* 190 Cal. 513, 517 [213 Pac. 951, 953].) Thereafter the legislature, apparently disapproving the policy indicated by the amendment of 1919, struck out from section 953c the addition which had been made thereto in 1919. (Stats. 1923, p. 748.) It thus appears that the legislature has reaffirmed its original definite enactment that the parties to an appeal, although excused from printing their transcripts (when the record is made up under said section 953c), "must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court."

Turning now to the briefs and to the portions of the record printed therein, what do we find? We are informed by counsel that the appeal is from an order refusing to relieve the defendant from a judgment taken against him through the mistake, inadvertence, surprise, and excusable neglect of his attorney. (Said attorney was not his present attorney herein.) It is indicated that the judgment had been entered upon default, and that the motion was supported by an affidavit of the facts upon which the moving party relied. But in the opening brief of appellant we are not furnished with a copy of the notice of motion or of the affidavit. Neither is there printed any copy of the answer which the defendant proposed to file. In the reply brief there are set forth some paragraphs of the complaint and a part of the proposed answer, which purports to deny "generally and specifically each and all of the allegations" of said paragraphs of the complaint. And in the reply brief appellant finally has also printed the affidavit in support of the motion to vacate judgment. But in so doing appellant fails to set forth the counter-affidavit on the part of respondent, to which our attention should have been called in a full and appropriate presentation of the record. [2] "It is a well-settled rule of law that where evidence is omitted from the record this court must presume that the omitted evidence fully justified the order ap-

pealed from, although the evidence contained in the record itself is insufficient." (*Berri* v. *Rogero,* 168 Cal. 736, 741 [145 Pac. 95, 97].)

In this decision we are assuming that the answer, verified, and tendered with the motion, states a defense, and "meets all the requirements of an affidavit of merits." (*Savage* v. *Smith,* 170 Cal. 472 [150 Pac. 353].)

[3] Since the affidavit in support of the motion to vacate judgment was not presented to this court by appellant in his opening brief, respondent in preparing his brief was not under any obligation to present the affidavit used on his behalf in the court below. In view of these circumstances, we have examined said counter-affidavit made by the attorney for respondent. From the facts therein stated it appears that the defendant intentionally and for some time successfully evaded service of summons and complaint in this action, and thereby caused delay in the prosecution thereof; that the defendant had admitted that plaintiff's assignor had performed labor and services for him during a period of three and one-half months, and that he had not paid anything whatever for said services. The action is one to recover an amount alleged to be due for said services. The motion to obtain relief against default for failure to answer was based upon the claim, as set forth in an affidavit of the person who was defendant's attorney at that time, that he had served on plaintiff a demand for a bill of particulars and believed that, as a matter of law, his time to answer was extended by virtue of such demand until after the furnishing of such bill of particulars. It seems to be admitted that the serving of such demand did not of itself extend the time for answer. (Code Civ. Proc., sec. 454.)

[4] While such mistake of law on the part of the attorney of the defendant might, under some circumstances, serve as a justification for relief under the provisions of section 473 of the Code of Civil Procedure, nevertheless the court on the hearing of the motion was entitled to take into consideration all of the facts presented, in order to determine whether or not the default had been suffered as the result of excusable delay, or was a part of a policy of intentional delay on the part of the defendant. The court in acting

upon the evidence in this manner did not abuse its discretion therein.

The motion to dismiss appeal from the order denying motion to vacate judgment is dismissed. The order is affirmed.

Curtis, J., concurred.