[Civ. No. 4534.   Second Appellate District, Division Two.—January 15, 1926.]

LAURETTA BUTLER, Respondent, v. J. W. ROBINSON, as Executor, etc., Appellant.

[1] PLEADING—MOTION TO FURNISH BILL OF PARTICULARS—DEMURRER. A motion to require a plaintiff to furnish a bill of particulars of certain matters contained in the complaint is one under section 454 of the Code of Civil Procedure, and is not equivalent of a demurrer; and any objection to the complaint based upon the ground of uncertainty must be made by demurrer.

[2] DEFAULT—JUDGMENT—MOTION TO SET ASIDE—DISCRETION.—In so far as the action of a trial court is concerned in denying a motion to set aside a default and vacate a judgment, that is a matter addressed to the sound discretion of the trial court.

---

(1) 34 C. J., p. 161, n. 27; 31 Cyc., p. 282, n. 19, p. 585, n. 40 New, p. 590, n. 17.   (2) 34 C. J., p. 429, n. 79, p. 430, n. 90 New; 31 Cyc., p. 134, n. 62.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to set aside a default and vacate a judgment.   John M. York, Judge.   Affirmed.

The facts are stated in the opinion of the court.

James M. Robinson and James E. Fenton for Appellant.

Willis O. Tyler for Respondent.

---

1.  See 21 Cal. Jur. 104; 21 R. C. L. 526.
2.  See 14 Cal. Jur. 1072; 15 R. C. L. 720.

CRAIG, J.—The plaintiff brought an action in the superior court of this state against the appellant as executor of the estate of Ida Thomas, deceased, in which it was alleged, among other things, that ''during the lifetime of the deceased the plaintiff rendered personal service to her and furnished her with board, room to live in, and with divers and sundry articles of medicine, all of the reasonable value of $2,035.20,'' and ''that during the lifetime of Ida Thomas, deceased, became indebted to the plaintiff for her care, room rent and attention,'' in said sum. The complaint also contained an allegation that the deceased had promised to pay for the said board, room, and personal services. Thereafter the executor served and filed a motion ''To require the plaintiff to set forth in her complaint the various dates when she claims that she rendered the personal service to the deceased during her lifetime, or that she furnish a bill of particulars of each of such items, or that she file an amended complaint, and attach to the complaint, by way of exhibit, a true copy of the claims which it is alleged therein, she caused to be filed with the said executor, and that if more than one claim was filed with the executor, to furnish a true copy of each thereof, and to file in the clerk's office true copies of the said cause thereof as a part of the said complaint.''

''2. To set forth in said complaint the facts of the promise on the part of the deceased to pay for her board and other personal service, which is mentioned in paragraph 3 of the complaint, and to state whether or not the said promise to pay was oral or in writing, and to give fully the terms thereof, and the date when made, and to whom made, so that this defendant may tender an issue with reference thereto, in his answer to the complaint.''

The hearing of this motion was regularly placed on the calendar of the court for February 21, 1923. At that time the attorneys did not appear, and the motion was removed from the calendar. Thereafter the clerk, on request of the attorney for the plaintiff, entered a default upon which judgment was thereafter rendered as prayed for in the complaint. Soon after this the executor made a motion to vacate the judgment and set aside the default. This motion was based upon the files and records in the case, and affi-

davits setting forth the matters heretofore stated, and the other facts. After oral argument of the motion it was denied, and from the order of denial this appeal is taken.

In support of the appeal it is urged that it was error for the trial court to enter an order of default and judgment thereon, and also that the refusal of the court to vacate the judgment was error.

In discussing the first proposition it is said that the motion which we have quoted was "in the nature of a special demurrer," and that because of such an appearance by the executor the trial court lacked jurisdiction to proceed without notice to the executor's attorney. [1] It is obvious that the motion above quoted is one under section 454 of the Code of Civil Procedure. This section merely provides for demand and delivery of particulars in a suit upon an account. Such a motion is not the equivalent of a demurrer. The authority of the clerk in entering the default is given in section 585, subdivision 1, of the Code of Civil Procedure. This provision grants such authority to the clerk where no answer or demurrer has been filed within the time specified in the summons, or such further time as may have been granted. This motion is in no sense a demurrer. In view of the wording of the last paragraph it might be argued that it should be construed as a motion to make more definite and certain, but any objection to the complaint based upon the ground of uncertainty must be made by demurrer. (*McFarland* v. *Holcomb,* 123 Cal. 84, 85 [55 Pac. 761].)

[2] In so far as the action of the lower court is concerned in denying the motion to set aside the default and vacate the judgment, that is a matter addressed to the sound discretion of the trial court. (*Jones* v. *Southern Pac. Co.,* 71 Cal. App. 773 [236 Pac. 336]; *Eberhart* v. *Salazar,* 71 Cal. App. 334 [235 Pac. 86].) Both points are decided in the case of *Steineck* v. *Coleman,* 72 Cal. App. 244 [236 Pac. 962], in which a motion was made to relieve against a default for failure to answer where it appeared from an affidavit that the defendant had served on the plaintiff a demand for a bill of particulars, and believed that as a matter of law his time to answer was extended by reason of this demand. It was there held that the action of the trial

76 Cal. App.—15

court in denying the motion to set aside the default and vacate the judgment was not subject to review on appeal, and also that the serving of a demand for a bill of particulars did not of itself extend the time for answering. There is nothing in the affidavits on file in the instant case which materially distinguishes it from the situation there shown to have existed. Aside from the above authority, it may be said that the defendant's first motion was not of such a character as to raise an issue of any kind; it merely asked for certain information for the benefit of the appellant in preparing his pleading. Section 454 of the Code of Civil Procedure provides adequate means for supplying such information in cases of this character. The appellant did not even follow the provisions of this section, for he did not first make demand upon the plaintiff, but, so far as the record shows, without any such demand, moved the court for the remedy provided in the last sentence of section 454, which reads as follows: "The court or judge thereof may order a further account when the one delivered is too general, or is defective in any particular." However, it is not necessary to decide whether failure to make demand before bringing the matter to the attention of the court upon motion would be a ground for denial of the motion. It is certainly a fact which the trial court had a right to consider in passing upon the motion to vacate. If the appellant's first motion is to be regarded as a demand under section 454, then, as we have said, the case of *Steineck* v. *Coleman, supra,* holds adversely to appellant's contention as to it having affected an extension of time in which to file an answer.

The trial court's action in denying the motion to vacate the judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.