[Civ. No. 17424.   First Dist., Div. Two.   July 30, 1957.]

ARVILLE GILMORE, Appellant, v. ALBERT E. HILL, as Public Administrator, etc., Defendant and Respondent; GRACE PHILLIPS CARTER et al., Interveners and Respondents.

Lloyd Melkonian for Appellant.

J. F. Coakley, District Attorney (Alameda), R. Robert Hunter, Chief Assistant District Attorney, Richard H. Klippert, and Lillian M. Wollitz, Deputy District Attorneys, for Defendant and Respondent.

Lester S. McElwain and George R. Vaughns for Interveners and Respondents.

DRAPER, J.—Plaintiff filed a creditor's claim for $65,000 against the estate of Jay Maurice, deceased. Upon rejection of this claim by defendant administrator, plaintiff brought this action for the reasonable value of services rendered and goods furnished to decedent for a period of 11 years, pursuant to an alleged oral agreement by decedent to execute a will leaving her all his property. Defendant, later joined by interveners, demanded a bill of particulars, and when bill and amended bill were furnished, moved for further bills of particulars. On March 8, 1956, the case had been set for trial for April 16. After filing of the second amended bill, defendant moved for a further bill. This motion was granted April 2. The third amended bill of particulars was filed April 10. On the same day, defendant moved to preclude plaintiff from giving evidence, upon the ground that the third bill was insufficient. This motion was heard (by a judge other than the one who tried the case) and granted April 13. The case came on for trial April 16, and plaintiff was, pursuant to the order of April 13, precluded from giving evidence as to her account. Judgment went for defendant, and plaintiff appeals.

Appellant's sole contention on appeal is that the third amended bill of particulars was adequate, and that therefore the order precluding evidence was an abuse of discretion.

Section 454 of the Code of Civil Procedure provides:

"It is not necessary for a party to set forth in a pleading the items of an account therein alleged, but he must deliver to the adverse party, within ten days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account when the one delivered is too general, or is defective in any particular."

We find no decision precisely fixing a standard of the detail required in a bill of particulars. ■ However, it has been said that the purpose of the code section upon this subject is "to give the adverse party reasonable notice of the items

constituting the claim which he is required to meet, so that he may prepare for trial." (*Ames* v. *Bell,* 5 Cal.App. 1, 4 [89 P. 619].) In *Banchero* v. *Coffis,* 96 Cal.App.2d 717 [216 P.2d 151], a mere statement of four types of alleged services was given. The court held the bill insufficient, and said (p. 722) : "A proper bill would have at least shown how much was claimed for each one of the four services alleged."

The third amended bill of particulars here is most detailed. It covers 22 pages of the clerk's transcript on appeal. It gives dates, hours per day, and charge per hour for each service rendered. Measured by the standards set forth in the reported decisions, the bill is amply detailed. Indeed, it is difficult to see how more detail could be given.

Respondents suggest that the amended bill does not set forth which services are gratuitous and which within the alleged agreement to pay. But it is clear from the bill itself that all services are charged for. In fact, the bill sets out the hourly rate of such charges. Still further, the complaint, to which the bill of particulars is but a supplement states that all services rendered were pursuant to decedent's agreement to pay.

There is some suggestion that the order is justified by delay in the filing of the third amended bill. However, the motion for the bill was granted only April 2, and the bill was filed 8 days later. This seems prompt, particularly in view of the length and detail of the statement. In any event, delay in filing of the bill was not mentioned in respondent's motion to exclude evidence. This ground therefore is not available to respondent on appeal. (*Hernandez* v. *National Dairy Products,* 126 Cal.App.2d 490, 493 [272 P.2d 799] ; *Westphal* v. *Westphal,* 61 Cal.App.2d 544, 550 [143 P.2d 405].)

We recognize that the very detail of the bill of particulars and the nature of the services alleged are, in the circumstances of this case, such as to give room for inferences that it would be extremely difficult to support the bill with proof. However, the sufficiency of the evidence and the inferences to be drawn therefrom are not to be determined upon a motion to exclude evidence under Code of Civil Procedure, section 454. Even though practical considerations may indicate lack of success at trial, the litigant is entitled to present his proof under his detailed bill of particulars.

Judgment reversed.

Kaufman, P. J., and Dooling, J., concurred.