[Civ. No. 6699.   Fourth Dist.   May 22, 1962.]

BUTLER BROTHERS et al., Plaintiffs, Cross-defendants and Respondents, v. JOSEPH L. CONNOLLY, Defendant, Cross-complainant and Appellant.

Kelber & Kelber and Bernard Kelber for Defendant, Cross-complainant and Appellant.

Hubert R. Sommers for Plaintiffs, Cross-defendants and Respondents.

SHEPARD, Acting P. J.—This is an appeal by defendant from a judgment for plaintiff for money due.

## FACTS

Plaintiff was the owner and defendant the manager of a store at Ontario, California, during July 1956 to January 1959. Serious shortages of inventory were discovered on annual check and plaintiff brought this action to recover $60,000 from defendant. The complaint is in three alternative counts, the first count being in the form of the common count of goods sold and delivered for which defendants agreed to pay; the second being in the form of the common count of money received by defendants for the use and benefit of plaintiffs; the third being in the form of the common count of money lent.

Nonsuit was granted as to defendant's wife, Irene F. Connolly. Judgment was rendered in favor of plaintiffs and against appealing defendant in the sum of $60,000 and in favor of defendant on his cross-complaint in the sum of $2,649.42, for accumulated wages and retirement deposits. This appeal is solely from the portion of the judgment in favor of plaintiffs. Plaintiffs' cross-appeal was dismissed by stipulation at the time of argument.

Rulings on Evidence

Defendant's first six contentions all involve substantially the same subject matter; that is, that evidence relating to inventories and accounts should not have been admitted or should have been stricken because, according to defendant, the bills of particulars furnished by plaintiffs on defendants' demand and on order of court, were insufficient. With these contentions we cannot agree.

The purpose of a bill of particulars is to apprise defendant of the details of plaintiffs' claim in order that defendant may intelligently present whatever defenses he may have. (*Ames* v. *Bell*, 5 Cal.App. 1, 4 [1] [89 P. 619]; *Gallwey* v. *Castelhun*, 35 Cal.App. 589, 591 [170 P. 657]; *Banchero* v. *Coffis*, 96 Cal.App.2d 717, 722 [216 P.2d 151]; *Gilmore* v. *Hill*, 152 Cal.App.2d 881, 882 [1] [313 P.2d 898].)

In the case here at bar, defendant was in complete personal charge of the store. Plaintiff, in response to the first demand for a bill of particulars, gave a detailed statement of the relationship of the parties; that defendant as manager of plaintiffs' store intentionally and systematically gave false accountings to plaintiffs; that defendant destroyed some of the records so that plaintiff could not identify each individual item but that the total overall amount of deficiency in inventory was $59,233; that by reason of false inventory plaintiff paid items of salary to defendant to which defendant was not entitled, listing 48 items of salary. Thereafter, defendant moved for an order for a further bill of particulars and the order being granted, plaintiff served and filed a further bill stating that the specific items are not all known, being many thousands in number; the detail of the duties of defendant as store manager for plaintiff; the fact that the total sales receipts were $59,233 less than should have been received on the basis of the price reported by defendant, calculated on inventory depletion; giving a more complete breakdown on the items of salary overpayment by reason of false information; plaintiffs' source of information on salary payments; and the specific dates of false accounting. Reference is made to the fact that 2,188 pages of inventory are involved and that said inventories would be available for defendants' examination and copying at request. Thereafter, a second further bill of particulars was rendered, again explaining inability to specify all items but giving 203 specifically identified falsified items in the inventory at the close of the year 1957, the total falsification amounting to $30,142.70,

and 214 specifically identified falsified items in the inventory at the close of the year 1958, the total falsification amounting to $43,813.39. Each item was identified by sheet and line number in inventory referred to plus the type of merchandise, the true amount, the amount of the change and the resulting falsity in dollar value.

The proof followed the general outlines of the bill of particulars and its items, how they were changed and for what purpose. The testimony of one of the department heads showed a willful falsification of items for the specific purpose of covering up inventory shortage, test counts to verify suspected falsification, and expert testimony showing changes made after the original inventory figure was written. Defendant was invited to inspect and copy the inventory at any time.

The bill of particulars and the proof each showed the exact method by which falsification was accomplished, to wit, by adding one digit either in front of or following the true figure, thus increasing the figure one digit in form. For example, on sheet 20 at line 8, the true figure of "1" watch was changed to "11", with a consequent false monetary difference of $149.50; on sheet 89, line 7, the true figure of "11" shirts was changed to "117" shirts with a false monetary difference of $212; on sheet 139, line 4, the true figure of "18" creepers was changed to "181" with consequent false monetary difference of $324.87. All the rest of the 417 falsified items showed a similar modus operandi. The oral testimony showed an inventory cost shortage of $89,326 for the calendar year of 1958 alone.

In view of the full explanation given in the bill of particulars of why many of the individual items could not be identified, of the overall method of computation, of the specific items of falsification totalling 417 items of a monetary falsification totalling $73,956.09, and of plaintiffs' invitation to defendant to examine and copy the inventories referred to, we are unable to find any abuse of discretion on the part of the trial court in receiving and refusing to strike the evidence of the general condition of the inventories, the test counts, the expert testimony showing the modus operandi of falsification and the testimony by the department head of defendant's instruction to falsify the inventory of said department head's merchandise. Under the circumstances here shown, it appears that the bill of particulars was as explicit as it could reasonably be made; that all information that plaintiff could reasonably furnish was given and that plaintiff's cause of

action was so clearly set forth that defendant had every possible opportunity to meet and rebut the claims of plaintiff. ■ ''The determination of whether a bill of particulars furnished by an adversary is a compliance with the statute rests in the sound discretion of the court.'' (*Glogau* v. *Hagan*, 107 Cal.App.2d 313, 321 [16] [237 P.2d 329].) ■ The fact that the bill of particulars set forth a greater sum than claimed in the complaint does not cause a material variance to appear. (*Weaver* v. *Fickett*, 82 Cal.App. 116, 121 [4] [225 P. 257].)

Defendant claims that he had authority to mark down prices. But this authority was conditional on reports thereof to plaintiff. Plaintiff's evidence showed defendant failed to make such reports as would account for the claimed shortage. In any event defendant could not use this as an excuse for willfully falsified inventories. ■ While some of the evidence is circumstantial, it was sufficient to support the decision of the trial court. The evidence will not be reweighed by this court on appeal. (*Brewer* v. *Simpson*, 53 Cal.2d 567, 583 [1-3] [349 P.2d 289].)

### CONVERSION

On the evidence presented, showing willful and planned falsification of inventory, the total circumstances as above outlined were sufficient to support the trial court's conclusion that the defendant had converted the goods to his own use. (*Glantz* v. *Freedman*, 100 Cal.App. 611, 613, 614 [2] [280 P. 704].)

■ The form of assumpsit pleading is appropriate. (*Philpott* v. *Superior Court*, 1 Cal.2d 512 [36 P.2d 635, 95 A.L.R. 990]; *Canepa* v. *Sun Pacific, Inc.*, 126 Cal.App.2d 706, 711 [1] [272 P.2d 860].)

The judgment is affirmed.

Coughlin, J., concurred.

A petition for a rehearing was denied June 19, 1962, and appellant's petition for a hearing by the Supreme Court was denied July 18, 1962. Peters, J., was of the opinion that the petition should be granted.