[Civ. No. 22916. First Dist., Div. One. June 14, 1966.]

TED DOBBINS et al., Plaintiffs and Respondents, v. BEN HARDISTER, Defendant and Appellant.

Fred F. Cooper for Defendant and Appellant.

Bernard J. Favaro for Plaintiffs and Respondents.

MOLINARI, J.—Defendant appeals from the judgment in favor of plaintiffs, which judgment was rendered in response to plaintiffs' motion for judgment on the pleadings. Defendant's contentions on this appeal are that the trial court erred in granting plaintiffs' motion for judgment on the pleadings and that even if the motion was meritorious, since it was based on a defect in the form of defendant's answer, the trial court should not have entered judgment on the pleadings without allowing defendant an opportunity to amend his answer to correct this defect. We have concluded that although plaintiffs' motion was well taken, the trial court should have afforded defendant an opportunity to amend his answer.

Plaintiffs verified complaint sets forth two "causes of action" against defendant. The first "cause of action" alleged that plaintiffs sold and delivered to defendant, at the special instance and request of defendant, goods, wares and merchandise of the reasonable value of $9,069.50, no part of which sum had been paid. The second "cause of action" alleged the furnishing to defendant upon an open book account of goods with a reasonable value of $9,069.50, and incorporated the allegation of the first "cause of action" that no part of this sum had been paid. On the basis of these allegations plaintiffs prayed for judgment against defendant in the amount of $9,069.50 plus interest. Defendant, through his attorney, filed an answer to plaintiffs' complaint, denying all of the allegations of the first and second causes of action on the basis of lack of information and belief. The answer was verified by defendant's attorney on the ground that defendant was outside the county in which his attorney maintained an office. Plaintiffs filed a demurrer to defendant's answer, the basis of this demurrer being that defendant's answer did not set forth facts sufficient to constitute a defense to the action in that the matters denied therein upon lack of information and belief were presumptively within defendant's knowledge and therefore these matters should have been admitted or denied positively. The trial court overruled plaintiffs' demurrer, the minute order reciting that this order was entered pursuant to

a letter from defendant's attorney and without objection of plaintiffs' counsel. Thereafter, plaintiffs noticed a motion for judgment on the pleadings, the memorandum of points and authorities in support thereof indicating that the ground for the motion was the same as that previously urged by plaintiffs in support of their demurrer. Following a hearing on plaintiffs' motion, at which hearing defendant was not present, the trial court entered judgment in favor of plaintiffs in the amount of $9,069.50 plus interest.

It is well established in California that either prior to trial or at the trial the plaintiff or the defendant may move for judgment on the pleadings, and that the appropriate ground for such a motion is the same as that urgable by general demurrer, namely, the failure to state a cause of action or defense. (*MacIsaac* v. *Pozzo*, 26 Cal.2d 809, 812 [161 P.2d 449] ; *Rannard* v. *Lockheed Aircraft Corp.*, 26 Cal.2d 149, 151 [157 P.2d 1] ; *Wilson* v. *Board of Retirement*, 156 Cal.App.2d 195, 200 [319 P.2d 426] ; *Beverage* v. *Canton Placer Mining Co.*, 43 Cal.2d 769, 772 [278 P.2d 694].) Accordingly, in determining the propriety of the trial court's action in the instant case in granting plaintiffs' motion for judgment on the pleadings, we must first consider whether defendant's answer was sufficient as against a general demurrer. In this regard it is plaintiffs' contention that defendant's answer was defective for the reason that the denials contained therein, which were based upon defendant's lack of information and belief, related to matters which were presumptively within defendant's personal knowledge.

Although Code of Civil Procedure section 437[1] authorizes denials based upon lack of information or belief "If the defendant has no information or belief upon the subject sufficient to enable him to answer an allegation of the complaint," it is established in this state that denials in this form are limited to situations where the defendant is not able to deny or admit positively. Accordingly, if the matter is within the defendant's actual knowledge or by its nature is presumed to be within his knowledge, or if the defendant has the means of ascertaining whether or not it is true, a denial on information and belief or for lack of either will be deemed sham and evasive and may be stricken out or disregarded. (*Mulcahy* v. *Buckley*, 100 Cal. 484, 486-489 [35 P. 144] ; *Bartlett Estate Co.* v. *Fraser*, 11 Cal.App. 373, 375 [105 P. 130] ;

[1]Unless otherwise indicated all statutory references are to the Code of Civil Procedure.

*Zenos* v. *Britten-Cook Land etc. Co.,* 75 Cal.App. 299, 304 [242 P. 914]; *Goldwater* v. *Oltman,* 210 Cal. 408, 424-425 [292 P. 624, 71 A.L.R. 871]; *Dietlin* v. *General American Life Ins. Co.,* 4 Cal.2d 336, 349 [49 P.2d 590]; *Zany* v. *Rawhide Gold Min. Co.,* 15 Cal.App. 373, 375-376 [114 P. 1026]; *Taylor* v. *Newton,* 117 Cal.App.2d 752, 760 [257 P.2d 68]; *Oliver* v. *Swiss Club Tell,* 222 Cal.App.2d 528, 538-539 [35 Cal.Rptr. 324].) ■ Consistent with this rule, therefore, ''if the answer fails otherwise to put in issue the material allegations of the complaint, judgment may be rendered and entered on the pleadings.'' (*Le Breton* v. *Stanley Contracting Co.,* 15 Cal.App. 429, 434 [114 P. 1028]; *Zany* v. *Rawhide Gold Min. Co., supra,* p. 376; *Doll* v. *Good,* 38 Cal. 287, 289-290.)

■ In support of their contention that the matters contained in their complaint were within defendant's personal knowledge and should therefore have been positively admitted or denied by defendant, plaintiffs rely on the case of *Raphael Weill & Co.* v. *Crittenden,* 139 Cal. 488 [73 P. 238]. In that case the complaint alleged that the plaintiff had sold and delivered to the defendant, at the latter's special instance and request, merchandise of the value of $429.98. The defendant filed an answer denying the allegations of the plaintiff's complaint on the basis of lack of information and belief. Subsequently the plaintiff moved for judgment on the pleadings on the ground that the matters alleged in its complaint were presumably within the defendant's knowledge. The trial court granted the plaintiff's motion and entered judgment on the pleadings and the Supreme Court affirmed this judgment. Although the holding of this case appears to be controlling in the instant case, defendant seeks to distinguish it and to avoid its application here on the bases that (1) it was decided over 60 years ago in the days of more stringent pleading, and (2) it involved only a single transaction whereas the instant case involves multiple transactions. Neither of these arguments is persuasive. While admittedly the *Raphael Weill* case is not a recent decision, the principle of law stated therein that denials cannot be made on information and belief as to matters presumptively within the defendant's knowledge has been stated and applied in a number of more recent decisions. (See e.g., *Zenos* v. *Britten-Cook Land etc. Co., supra,* 75 Cal.App. 299, 304; *Goldwater* v. *Oltman, supra,* 210 Cal. 408, 424-425; *Dietlin* v. *General American Life Ins. Co., supra,* 4 Cal.2d 336, 349; *Bence* v. *Teddy's Taxi,* 112 Cal.App. 636, 643 [297 P. 128]; *Taylor* v. *Newton, supra,* 117 Cal.App.2d 752, 760.) In

any event, *Raphael Weill,* being a decision of the Supreme Court, is binding on this court and must be followed by us. (*Stoneman* v. *Fritz,* 34 Cal.App.2d 26, 31 [92 P.2d 1035] ; *Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 455 [20 Cal. Rptr. 321, 369 P.2d 937] ; *Estate of Maguire,* 14 Cal.App.2d 388, 390 [58 P.2d 209].) As to defendant's attempt to distinguish *Raphael Weill* from the instant case on the basis that the former involved a single transaction while the latter involves multiple transactions, we find nothing in the *Raphael Weill* case indicating that the $429.98 allegedly due to the plaintiff from the defendant resulted from a single sale of merchandise rather than from multiple sales. In any event, even if *Raphael Weill* did involve a single transaction, we discern no reason for distinguishing it from this case on such a factual basis. The rationale of the *Raphael Weill* case is that the defendant was presumed to have knowledge of whether or not the plaintiff sold and delivered to the defendant at his special instance and request merchandise valued at $429.98. This rationale applies equally to single and multiple transactions between parties.

In *Zany* the plaintiff sued the defendant for $1,972.88, the balance due for boarding the employees of the defendant, for furnishing the defendant with materials and teams and for performing certain services for the defendant at its special instance and request. All of the denials in the defendant's answer were either on information and belief or for want of information and belief. In holding that the facts stated in the complaint were presumptively within the knowledge of the defendant, the reviewing court stated as follows: ''[T]he implication that the defendant has no positive knowledge whether it entered into a certain contract with plaintiff to board its employees and to furnish said defendant with a team at a certain price, etc., and that plaintiff performed his part of the agreement, and that a certain amount of money became due thereunder to plaintiff and that no part of it has been paid, is not to be tolerated for a moment. The assumption that defendant had no positive knowledge as to all these matters is opposed to common observation and experience. . . . If, when he is served with the complaint, he is actually ignorant of any material fact which he ought to know, it is his duty to become informed before he files his answer. [Citation.]'' (P. 376.) Similarly in *Bartlett* it was held that denials as to nonpayment upon information and belief are within the rule laid down in *Mulcahy* that '' 'A defendant is not at liberty to

answer an allegation in this form, when he may be presumed to know or when he is aware before answering that he has the means of ascertaining whether or not such allegation is true.' '' (P. 375.)

Adverting to the instant case in the light of the foregoing principles we conclude that defendant's answer should have positively admitted or denied the allegations of plaintiffs' complaint. The facts as to whether goods were sold and delivered by plaintiffs to defendant and whether defendant made any payments to plaintiffs for such goods are matters presumptively within defendant's knowledge. If, when defendant was served with the complaint, he was actually ignorant of the items of the account or of the payments, if any, made for such items, it was his duty to become informed before he filed his answer since these were material facts which he should have known. Since the complaint was framed in the form of common counts, defendant was entitled to demand a bill of particulars under section 454, requiring plaintiffs to furnish defendant with the details regarding the items charged against him. (See *Pike* v. *Zadig,* 171 Cal. 273, 276-277 [152 P. 923] ; *Salinas Valley Lumber Co.* v. *Magne-Silica Co.,* 159 Cal. 182, 186 [112 P. 1089] ; *Farwell* v. *Murray,* 104 Cal. 464, 466 [38 P. 199] ; and see *Lewin* v. *Merck & Co., Inc.,* 209 Cal.App.2d 131, 133 [25 Cal.Rptr. 619].) As stated in *Meredith* v. *Marks,* 212 Cal.App.2d 265, 269 [27 Cal.Rptr. 737] : "The rationale of the requirement of our code system of pleading that a bill of particulars be furnished upon demand in connection with litigation concerning accounts is that such a bill of particulars amplifies the pleadings to which it relates in the nature of a more specific allegation of the facts claimed to exist.'' It has also been said that the purpose of a bill of particulars is to apprise the defendant of the details of the plaintiff's claim in order that the defendant may intelligently present his defenses. (*Butler Bros.* v. *Connolly,* 204 Cal.App.2d 22, 24 [22 Cal.Rptr. 175] ; *Gilmore* v. *Hill,* 152 Cal.App.2d 881, 882-883 [313 P.2d 898].)

While it is true that a demand for a bill of particulars does not extend the time to answer (*Svistunoff* v. *Svistunoff,* 108 Cal.App.2d 638, 641 [239 P.2d 650] ; *Steineck* v. *Coleman,* 72 Cal.App. 244, 248 [236 P. 962]), and while it is not the equivalent of a demurrer (*Butler* v. *Robinson,* 76 Cal.App. 223, 225 [244 P. 162]), such demand resembles a demurrer for uncertainty "in that each has a *pleading* purpose, i.e., each represents an attempt by the defendant to

ascertain how to frame his answering pleading'' (2 Witkin, Cal. Procedure (1954) Pleading, § 242, p. 1218). In the instant case defendant apparently misconceived his remedy since the record discloses that upon the filing of the demurrer to his answer, and pending the hearing thereof, he sought to obtain information as to the items of the accounts charged against him by requesting answers to certain written interrogatories filed and served upon plaintiffs.[2] ▇▇ While modern discovery devices may serve the same purpose as a bill of particulars, it should be noted that the primary purpose of discovery is the production of evidence for use at the *trial* while that of a bill of particulars is to amplify the complaint ''in order to make it easier for the defendant to prepare his *pleading.*'' (2 Witkin, *supra,* p. 1219; see 6 Wigmore, Evidence, § 1848, p. 388.)

▇▇ It is apparent that in the case at bench defendant had access to a legal procedure by way of demand for a bill of particulars which afforded him a means of obtaining positive knowledge of the facts charged in the complaint. In reaching this conclusion we are not unmindful that it might be necessary for a defendant to procure an extension of time pursuant to section 1054 within which to plead to the complaint pending the delivery of the bill of particulars, and that such an extension might not be granted by the court in the exercise of its discretion. However, in light of the liberal attitude of modern courts in granting extensions of time to plead upon a showing of good cause, we doubt that a court would, within the limitations of its power, refuse to grant an extension of time to plead to a complaint upon being apprised that a demand for a bill of particulars had been made. ▇▇ Assuming *arguendo* that such an extension is refused or that for some reason the bill is not delivered within the time the court is empowered to extend the time to plead, this circumstance, together with the other circumstances indicating actual ignorance of the facts which the defendant ought to know, should be pleaded in the answer in explanation of the defendant's inability to deny the allegations of the complaint positively in order to obviate the effect of the rule here under discussion. (See *Zany* v. *Rawhide Gold Min. Co., supra,* p. 376; *Brown* v. *Scott,* 25 Cal. 189, 196; 2 Witkin, *supra,* § 523, pp. 1515, 1516.)

Defendant argues that if his answer be deemed insufficient

[2]The record discloses that the answer to interrogatories was filed 4 days after the demurrer was overruled and 21 days before the filing of the motion for judgment on the pleadings.

the trial court should not have entered judgment without first giving him an opportunity to amend his answer. ▮ In California it appears that there are two basic situations in which the trial court must grant leave to amend before granting a motion for judgment on the pleadings. The first is that described and discussed in *MacIsaac* v. *Pozzo, supra,* 26 Cal.2d 809, 815-816, as follows: "[W]hen the facts stated indicate that the party probably has a good cause of action or defense, but that it has been pleaded imperfectly or defectively, and the defects have not been called to his attention by demurrer or by a notice of motion for judgment on the pleadings, the court should not grant the motion without first giving the party an opportunity to elect whether he will stand on his pleadings or amend them. The granting of the motion without leave to amend would in many cases be an absolute denial of justice, and is directly opposed to the policy of the law that cases should be tried and decided on the merits." (See also *Cruise* v. *City & County of San Francisco,* 101 Cal.App.2d 558, 561-562 [225 P.2d 988]; cf. *Hardy* v. *Admiral Oil Co.,* 56 Cal.2d 836, 841-842 [16 Cal.Rptr. 894, 366 P.2d 310].)

The other situation in which leave to amend should be allowed before granting judgment on the pleadings is that situation where the defective pleading has previously been upheld against a general demurrer. This situation was discussed in *Shabrick* v. *Moore,* 195 Cal.App.2d 56, 60 [15 Cal.Rptr. 310], as follows: "The need for allowing an opportunity to amend is particularly apparent where, as in the instant case, the complaint has already been upheld against a general demurrer. As said by Witkin: '. . . It would seem even more true that, after a complaint or answer has been held sufficient by a law and motion judge, if the trial judge decides otherwise on a motion for judgment on the pleadings, an opportunity to amend should be allowed. . . .' (2 Witkin, Cal. Procedure (1954) Proceedings Without Trial, § 74, p. 1711.)"

▮ The instant case appears to call for the application of the rule announced in the *Shabrick* case. The clerk's transcript reveals that prior to moving for judgment on the pleadings, plaintiffs, by way of demurrer, attacked the sufficiency of defendant's answer on the same ground as that urged by them in their subsequent motion for judgment on the pleadings. The clerk's transcript further reveals that plaintiffs' demurrer was overruled. ▮ Although plaintiffs claim that the demurrer was not overruled on the merits but

rather because it was not timely filed, the minute order overruling the demurrer mentions nothing about its untimeliness but simply states that the demurrer was overruled. Accordingly, we must presume that the demurrer was in fact overruled on the merits. ▮ In the light of the rule announced in *Shabrick* and upon the basis that it appears probable that defendant can amend to remedy the alleged defect in the answer, we conclude that the trial court, in the interest of justice, should not have granted the motion for judgment on the pleadings without first giving defendant an opportunity to elect whether he would stand on his answer or amend it. (*MacIsaac* v. *Pozzo, supra,* p. 815; *Beverage* v. *Canton Placer Mining Co., supra,* 43 Cal.2d 769, 772, 778; *Hardy* v. *Admiral Oil Co., supra,* pp. 841-842.)

We are persuaded to the conclusion reached notwithstanding the fact that defendant did not appear at the hearing of the motion for judgment on the pleadings and notwithstanding his failure to request leave to amend. ▮ It is well established that the failure of a party to appear and argue against a demurrer to his pleading is not per se a waiver of the cause of action stated in the complaint or the defense stated in the answer, but that it is the duty of the court to rule on the sufficiency of the pleading. (See *Greninger* v. *Fischer,* 81 Cal.App.2d 549, 554-555 [184 P.2d 694]; *Philip* v. *Durkee,* 108 Cal. 300, 303 [41 P. 407].) This same principle should, we believe, be applied to a motion for judgment on the pleadings, in view of the essential similarity between such a motion and a general demurrer and in view of the rule that the vulnerability of pleadings to attack by such demurrer or motion is tested by the same rules. (See *MacIsaac* v. *Pozzo, supra,* pp. 812-813; *Hardy* v. *Admiral Oil Co., supra,* p. 840.) In the instant case the record discloses that the court below did in fact rule on the motion on its merits without indulging in any inferences of a waiver or attaching any significance to defendant's failure to appear and present his opposition to the motion. As we have already stated, the trial court ruled correctly but erred, under the circumstances, in not granting defendant an opportunity to amend his answer.

▮ With regard to defendant's failure to request leave to amend the answer, it should be noted that, pursuant to the provisions of section 472c, when a demurrer is sustained without leave to amend, the question of whether the trial court abused its discretion in making the order may be urged on appeal even though no request to amend has been made. (*Gre-*

*ninger* v. *Fischer, supra,* p. 551.) In *MacIsaac* it was held that since the reason for the rule declared in section 472c is the same on a motion for judgment on the pleadings "the same result should obtain." (P. 816.)

Although we have concluded that the trial court should have afforded defendant an opportunity to amend his answer, we are of the opinion that the posture in which this case finds itself is due in great measure to defendant's cavalier attitude with respect to the procedures to be followed in the pleading stages of this action. The record discloses not only that defendant failed to appear and properly present his contentions to the trial court at the hearing on the motion for judgement on the pleadings, but that, although 21 days before the motion for judgment on the pleadings was filed defendant was furnished with answers to his interrogatories itemizing the subject account, he made no effort to amend his answer either before the motion, during its pendency, or at any time thereafter. Accordingly, in the interests of justice, defendant should not be allowed costs on appeal and plaintiffs should be awarded and allowed to recover from defendant their costs on appeal. (Rule 26, Cal. Rules of Court; see *Campbell* v. *Veith* 121 Cal.App.2d 729, 735 [264 P.2d 141].)

The judgment is reversed with directions to the trial court to grant defendant leave to amend his answer. Costs on appeal are awarded to plaintiffs.

Sullivan, P. J., and Sims, J., concurred.