Filed 3/3/21  Wong v. Wong CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JUSTIN WONG,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ALBERT Y. WONG,<br><br>        Defendant and Respondent. | A159009<br><br>(Alameda County<br>Super. Ct. No. HG17858973) |

Justin Wong filed a lawsuit against his father, Albert Wong.[1]  The trial court struck some of Justin's causes of action, pursuant to Code of Civil Procedure section 425.16,[2] and awarded attorney fees and costs to Albert. Justin appeals from the fees order.  We affirm.

### BACKGROUND

#### A.

Section 425.16 authorizes dismissal of a plaintiff's claim arising from an act in furtherance of the defendant's right of petition or free speech, unless the plaintiff demonstrates they are likely to prevail.  (§ 425.16, subd. (b)(1).)

---

[1] We will refer to members of the Wong family by their first names for clarity.

[2]  Undesignated statutory references are to the Code of Civil Procedure.

1

## B.

Albert filed a special motion to strike Justin's complaint under section 425.16. The trial court granted the motion in part, striking three causes of action—for intentional infliction of emotional distress, negligent infliction of emotional distress, and breach of the implied covenant of quiet enjoyment—that are based on Albert's allegedly false accusations of elder abuse. The trial court explained that these causes of action all arise out of protected activity (reports to law enforcement and filing for a restraining order), and that Justin failed to show he was likely to prevail on the merits.

The trial court denied Albert's special motion to strike with respect to Justin's other causes of action—for intentional interference with prospective economic relations, quantum meruit, and false impersonation. These causes of action do not arise from protected activity but rather from Albert's alleged interference with Justin's entitlement to his mother's life insurance and retirement fund proceeds, as well as disputes between the two regarding mortgage and medical expenses.

## C.

Albert moved for an award of attorney fees and costs. Albert's counsel filed a declaration in which he stated his hourly fee was $350 and that he spent a total of 14.5 hours on the motion to strike, for a lodestar of $5,075. The 14.5 hours counsel spent on the motion to strike included four hours devoted to legal research; four and one-half hours preparing the motion; one hour reviewing the opposition; one and one-half hours preparing a reply; and one and one-half hours attending the hearing and discussing the motion with opposing counsel, plus two hours of travel time. Because Justin prevailed in part on the motion to strike, Albert's counsel initially sought to recover only half of the total lodestar ($2,537.50).

Justin opposed the motion, arguing primarily that Albert's requested fees were not reasonable because he had not established a link between specific fees or hours and the successfully stricken causes of action. In reply, Albert included a supplemental declaration from counsel. Albert's counsel stated that he spent only a negligible amount of time on the unsuccessful part of the motion to strike and that 13.5 hours (a $4,725 lodestar) was a more accurate reflection of the time he spent on its successful components. Counsel also declared that Albert incurred an additional $3,325 in attorney fees (for 9.5 hours) in connection with the fees motion. The total amount of fees requested was revised to $8,050.

After holding a hearing on the motion, the trial court ordered Justin to pay Albert $8,050 in attorney fees and $1,110.70 in costs. The court explained: "In applying its own analysis of the reasonable hourly fee based on the court's own experience, the Court finds that the hourly rate requested by counsel . . . of $350 per hour is justified and reasonable for an attorney of counsel's experience of 26 years. [¶] The court finds that the hours attributed to the anti-SLAPP motion on the prevailing causes of action totaling 13.5 . . . were a reasonable amount of time."

## DISCUSSION

Justin argues Albert failed to establish that the awarded fees were reasonable. We disagree.

### 1.

A defendant prevailing on a special motion to strike is entitled to an award of reasonable attorney fees and costs. (§ 425.16, subd. (c)(1); *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131, 1133.)

To be deemed prevailing under section 425.16, subdivision (c)(1), a defendant need not succeed in striking every challenged claim. (*Mann v.*

*Quality Old Time Service, Inc.* (2006) 139 Cal.App.4th 328, 339 (*Mann*); *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1020.)  Assuming the results achieved are not so insignificant as to render no practical benefit (*Mann, supra,* at pp. 339-340), a defendant's partial success "reduces but does not eliminate the entitlement to attorney fees." (*ComputerXpress, supra,* at pp. 1019-1020.)  A partially successful defendant is entitled to recover attorney fees "incurred in moving to strike the claims on which they prevailed, but not fees and costs incurred in moving to strike the remaining claims." (*Ibid.*)

The defendant bears " 'the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.' " (*ComputerXpress, Inc. v. Jackson, supra*, 93 Cal.App.4th at p. 1020.)  However, the determination of the value of attorney fees is best resolved by the trial judge, whose determination will not be disturbed unless it is clearly wrong and constitutes an abuse of discretion. (*Ibid.*; *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.)

**2.**

Justin concedes Albert is a prevailing defendant but insists that Justin did not establish he incurred $8,050 in reasonable fees associated with the stricken claims.  He is wrong.

Justin does not grapple with the trial court's reasoning.  He complains that Albert "simply divided his attorney's fees in half" without supporting his assertion that half of his fees were associated with the stricken claims and without linking that amount with the lodestar ultimately awarded by the court, which compensated 13.5 hours.  But Albert's counsel stated, in his supplemental declaration, that he spent no more than one hour unsuccessfully seeking to strike the economic causes of action.  The motion to

4

strike and counsel's declaration support that assertion. In the motion to strike, Albert's counsel merely argued that the economic causes of action should be stricken because they incorporated by reference the facts alleged in the protected causes of action. In its written order, the trial court found that the lodestar based on 13.5 hours was reasonable.

Justin points to no authority suggesting billing records or a retainer agreement are required. In fact, it is well established that an award of attorney fees may be based on counsel's declarations alone. (See, e.g., *G.R. v. Intelligator* (2010) 185 Cal.App.4th 606, 620; cf. *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315 [trial court did not abuse discretion by reducing fees due to absence of detailed billing records when hours were obviously inflated].) Albert significantly narrowed the claims at issue in Justin's suit. And there is nothing about the relatively modest award or the hours compensated that suggests the trial court abused its discretion. (See *Mann, supra,* 139 Cal.App.4th at p. 345 ["fees awarded to a defendant who was only partially successful on an anti-SLAPP motion should be commensurate with the extent to which the motion changed the nature and character of the lawsuit"].)

In a case where "the amount to be awarded [cannot] be calculated through a purely mechanical approach by allocating particular hours to particular claims," the court must consider "whether the expenditure of counsel's time was reasonable in relation to the success achieved." (*Mann, supra,* 139 Cal.App.4th at p. 345.) Justin did not request a transcript from the hearing on his fee motion or obtain a settled statement. Thus, even if we assume this is such a case, we must presume that the trial court took the proper factors into consideration. (See *Maria P. v. Riles* (1987) 43 Cal.3d

1281, 1295 [party challenging fee award bears burden to provide adequate record]; *Mann, supra,* at p. 345 [factors to be considered].)

Justin has not met his burden to demonstrate an abuse of discretion.

## DISPOSITION

The order appealed from is affirmed. No costs are awarded because Albert did not file a respondent's brief. (Cal. Rules of Court, rule 8.278(a)(5).)

6

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
SELIGMAN, J.*

A159009

---

* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.