Filed 8/26/25  Pham v. Nguyen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THUY PHAM, | H052108 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 17CV311664) |
| v. | |
| OLIVIA NGUYEN, | |
| Defendant and Respondent. | |

Thuy Pham sued her ex-husband, An Duc Nguyen, and his first wife, Olivia Nguyen,[1] to void an allegedly fraudulent transfer of real property and also pursue damages and other relief.  This is the third appeal engendered by Olivia's special motion to strike Pham's complaint under Code of Civil Procedure section 425.16,[2] California's anti-SLAPP statute.[3]  In case No. H051679, we partially reversed the trial court's order granting Olivia's motion, concluding that Pham has shown minimal merit on three of the

---

[1] For clarity, given their shared surname, we will refer to Olivia Nguyen and An Nguyen by their first names; no disrespect is intended.  (See *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1136, fn. 1.)

[2] Undesignated statutory references are to the Code of Civil Procedure.

[3] SLAPP signifies "strategic lawsuit against public participation."

four fraudulent transfer-related claims she alleges against Olivia.[4]  This appeal is from the trial court's intervening order awarding Olivia prevailing party costs and attorney fees. Pham argues that because this court partially reversed the grant of Olivia's motion to strike, Olivia is no longer a prevailing party under section 425.16, subdivision (c)(1), and thus not entitled to a fees award under the statute.  Olivia concedes that the fees award must be vacated.  We accept Olivia's concession, reverse the order awarding costs and attorney fees, and remand.

## I. BACKGROUND

Pham's underlying lawsuit against An and Olivia relates to real property located in Fawnskin, California.  An and Olivia jointly owned the property during their marriage, and when they divorced, agreed to sell the property and divide the proceeds.  But the couple did not sell the property.  Years later, while An and Pham were embroiled in a divorce proceeding involving substantial property interests, An and Olivia entered a stipulation in which An agreed to transfer his one-half interest in the Fawnskin property to Olivia.  Pham sued both, alleging that the former spouses conspired with each other to engage in a fraudulent transfer.  As relevant here, Pham's claims against Olivia included: (1) actual fraudulent transfer; (2) constructive fraudulent transfer; (3) conspiracy to commit fraudulent transfer; and (4) aiding and abetting a fraudulent transfer.

Olivia moved to strike Pham's claims under section 425.16.  The trial court rejected Olivia's argument that the claims arose from protected activity.  In case No. H047433, a different panel of this court reversed, remanding to the trial court "for further consideration of the second prong of the motion to strike"—whether Pham's claims have "minimal merit."

---

[4] Pham's surviving ninth cause of action is a creditor's suit and was not at issue in the prior appeal.

2

On remand, the trial court granted Olivia's motion, finding that Pham failed to show minimal merit on each of her four claims related to the alleged fraudulent transfer. Pham appealed from that order, and in case No. H051679, this court reversed, concluding that Pham had shown minimal merit on three of the four claims.

While Pham's appeal in case No. H051679 was pending, the trial court granted Olivia's motion for attorney fees under section 425.16, subdivision (c). The court determined Olivia was a prevailing defendant and awarded her attorney fees and costs in the amount of $91,649.40.

Pham timely appealed from the order.

## II. DISCUSSION

A "partial reversal of [an] order granting [a] special motion to strike compels the conclusion that the order awarding attorney fees also must be reversed." (*Fremont Reorganizing Corp. v. Faigin* (2011) 198 Cal.App.4th 1153, 1177; cf. *Ventas Finance I, LLC v. Franchise Tax Bd.* (2008) 165 Cal.App.4th 1207, 1234–1235 [noting that partial reversal of judgment could affect discretionary determination of both "successful party" and amount of fees awarded].) Although Olivia maintains she remains entitled to an award of fees and costs, she concedes that the fees award must be reversed in light of this court's partial reversal of the trial court's order. We accept Olivia's concession.

The status of Pham's claims against Olivia having now changed, the trial court must reassess whether the practical benefit of Olivia's motion is now so minimal that she cannot be a "prevailing defendant" under section 425.16, subdivision (c)(1). (See *Mann v. Quality Old Time Service, Inc.* (2006) 139 Cal.App.4th 328, 340, 339 (*Mann*); *City of Industry v. City of Fillmore* (2011) 198 Cal.App.4th 191, 218 (*City of Industry*) [holding that an anti-SLAPP defendant "is entitled to recover fees and costs in connection with a partially successful motion, unless the results obtained are insignificant and of no

3

practical benefit to the defendant"].)[5] While "a party need not succeed in striking every challenged claim to be considered a prevailing party within the meaning of section 425.16 . . . [w]here the results of the motion are ' "minimal" ' or 'insignificant' a court does not abuse its discretion in finding the defendant was not a prevailing party." (*Mann*, at pp. 339–340.)

On remand, the trial court shall exercise its discretion to redetermine, (1) whether Olivia remains a "prevailing defendant" under section 425.16, subdivision (c)(1); and if so, (2) the appropriate amount of fees and costs to award, "in light of [Olivia's] relative success in achieving [her] litigation objectives." (*City of Industry*, *supra*, 198 Cal.App.4th at p. 218.)

## III.    DISPOSITION

The order awarding costs and attorney fees is reversed.  Costs on appeal are awarded to Pham.  (Cal. Rules of Court, rule 8.278(a)(1).)

---

[5] We decline Pham's invitation to determine in the first instance whether Olivia remains a prevailing party under section 425.16, subdivision (c).  "The determination whether a party prevailed on an anti-SLAPP motion lies within the broad discretion of a trial court," as the trial court is in a superior position to determine questions of fact such as, whether "[b]y bringing the anti-SLAPP motion, [Olivia] thus successfully narrowed the scope of the lawsuit, limiting discovery, reducing potential recoverable damages, and altering the settlement posture of the case."  (See *Mann*, *supra*, 139 Cal.App.4th at p. 340.)

_____
LIE, Acting P. J.

WE CONCUR:

_____
WILSON, J.

_____
BROMBERG, J.

*Pham v. Nguyen*
H052108