Filed 2/6/26  White v. Gabriel CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THOMAS WHITE,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>ARIANA GABRIEL et al.,<br><br>     Defendants and Respondents. | H052203<br>(Santa Clara County<br>Super. Ct. No. 22CV408831) |

Thomas White sued Ariana Gabriel, Julia Thompson, James Wall, and Maya Harris (collectively, defendants) for defamation, alleging they spread false rape and sexual assault accusations against him.  Defendants brought special motions to strike under Code of Civil Procedure section 425.16, the anti-SLAPP statute.  The trial court granted Gabriel's and Thompson's motions to strike the defamation claim in its entirety, and granted in part a similar joint motion from Wall and Harris.  A different panel of this court reversed.  (*White v. Gabriel et al.* (Apr. 28, 2025, H051530) [nonpub. opn.], as mod. on denial of rehg. May 27, 2025 (*White I*).)  White now challenges $573,667.76 in attorney fees and costs the trial court awarded to defendants while the previous appeal of the underlying order was pending.  (Code Civ. Proc., § 425.16, subd. (c)(1).)  As the order granting the anti-SLAPP motions was reversed, we will also reverse the corresponding fee awards and remand the matter for the trial court to exercise its discretion anew in light of *White I*.

## I. BACKGROUND

### A. UNDERLYING LITIGATION

White and defendants are former or current students at Stanford University. White's suit alleged defendants conspired to spread false rape and sexual assault accusations against him. He alleged that defendants shared four defamatory communications to individual Stanford students, two defamatory statements to and on behalf of a company where defendant Gabriel had worked, and two defamatory statements to the larger Stanford community. Defendants moved under the anti-SLAPP statute to strike the defamation claim. (Code Civ. Proc., § 425.16.) While the anti-SLAPP motions were pending, White was allowed to take limited depositions of each defendant, subpoena documents from Stanford, and obtain communications in defendants' possession concerning the sexual assault allegations. (Code Civ. Proc., § 425.16, subd. (g).)

The trial court granted Gabriel's and Thompson's individual anti-SLAPP motions in full, striking the defamation claim based on two communications involving Gabriel's former employer. It granted in part Wall's and Harris's joint motion, striking the claim as to three of the four purported communications to individual Stanford students and one of the two purported communications to the Stanford community. The trial court denied Wall's and Harris's motion to strike the defamation claim as to one alleged conversation between individual Stanford students and one alleged post made to the Stanford community. (In considering Wall's and Harris's motion, the trial court did not address the statements Gabriel made to her former employer.) White and Wall and Harris all appealed, and the case was reassigned in the superior court.

A different panel of this court reversed the anti-SLAPP rulings in *White I*. (At White's request, we take judicial notice of the original opinion in *White I* and the order modifying the opinion and denying rehearing. (Evid. Code, §§ 459, subd. (a), 452, subd. (d); Cal. Rules of Court, rule 8.1115(b)(1).)) The previous panel concluded that

2

although defendants' statements were protected speech under the public interest provision of the anti-SLAPP statute, White had demonstrated the necessary minimal merit of his defamation claim based on the two communications to the larger Stanford community. (*White I*, *supra*, H051530, pp. 11–12.) *White I* instructed the trial court to deny all the anti-SLAPP motions as to the defamation claim relating to the two Stanford community communications, and to grant the motions as to the claim arising from all other activities and statements. (*White I*, *supra*, H051530, at p. 21.)

## B. ATTORNEY FEES ORDERS

While *White I* was pending, the trial court granted each defendant's request for attorney fees and costs as a prevailing party under the anti-SLAPP statute. (Code Civ. Proc., § 425.16, subd. (c)(1).) In its written order, the trial court explained in detail its application of the lodestar method to determine the amount of fees awarded. Noting that counsel had already "exercised their billing judgment" by writing off significant hours, the court further reduced the requested hourly rates and hours billed by Gabriel's and Thompson's counsel for work on the anti-SLAPP motions, the total lodestar amount requested by Wall's and Harris's counsel by 2/7 to account for their partial success on the anti-SLAPP motion, and the hours billed by Wall's and Harris's counsel to account for some duplication of effort. Gabriel was awarded $284,192 in attorney fees and costs; Thompson was awarded $69,646.50; Wall and Harris were together awarded $219,829.26. White contends the amounts "shock the conscience" and the trial court therefore abused its discretion in making the awards.

## II. DISCUSSION

A defendant who prevails on an anti-SLAPP motion is entitled to recover attorney fees and costs. (Code Civ. Proc., § 425.16, subd. (c)(1); *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131 (*Ketchum*).) A partially prevailing defendant is entitled to attorney fees and costs unless the results of the anti-SLAPP motion were so insignificant that they provided no practical benefit. (*Maleti v. Wickers* (2022) 82 Cal.App.5th 181, 232–233.)

3

We review an award of attorney fees for abuse of discretion (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 782, 784), as the trial court is in the best position to determine the value of the services rendered in a particular action and has broad discretion to determine the amount to award. (*Pasternack v. McCullough* (2021) 65 Cal.App.5th 1050, 1057.) To calculate a proper award, the trial court must use the lodestar method under which the reasonable number of hours spent by counsel is multiplied by the reasonable hourly rate prevailing in the community for similar work. (*Frym v. 601 Main Street LLC* (2022) 82 Cal.App.5th 613, 620–621.) An award ordinarily includes fees for work on all proceedings directly related to a successful anti-SLAPP motion, including any discovery and pursuing an entitlement to fees. (*Jackson v. Yarbray* (2009) 179 Cal.App.4th 75, 92–93; *Ketchum*, *supra*, 24 Cal.4th at pp. 1133, 1141.)

A party who prevails on an anti-SLAPP motion may only recover attorney fees for work on successful claims. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1020.) Where work on successful and unsuccessful claims overlaps, a trial court should reduce the lodestar amount to reflect the moving defendant's relative success in achieving its litigation objectives and should only award fees proportionate to the extent the anti-SLAPP motion changed the lawsuit in a practical way. (*Mann v. Quality Old Time Service, Inc.* (2006) 139 Cal.App.4th 328, 344–345 (*Mann*).) In addition to accounting for the difficulty of the issues and counsel's experience and skills, the court may consider the degree to which the motion impacted future litigation expenses, whether the same factual allegations remain to be litigated, whether discovery and motion practice have been narrowed, and any other relevant factors. (*Id.* at p. 345.)

Before the opinion issued in *White I*, the trial court granted defendants' attorney fees motions on the grounds that Gabriel and Thompson had prevailed in striking the defamation claim based on all alleged communications, and Wall and Harris had

4

prevailed in striking the claim based on five of seven alleged communications.[1] But the court in *White I* reversed the anti-SLAPP rulings, concluding that the defamation claim based on the two communications by all defendants to the Stanford community could not be stricken under the anti-SLAPP statute. (*White I*, *supra*, H051530, at pp. 20–21.)

The post-award reversal in *White I* necessarily calls into question the basis and lodestar calculations in the award of attorney fees. (See *Weeden v. Hoffman* (2021) 70 Cal.App.5th 269, 296, fn. 14.) While defendants prevailed on appeal as to the defamation claim relating to six communications, Gabriel and Thompson did not fully prevail on their motions to strike. In addition, *White I* concluded that Wall and Harris should not prevail as to one communication that was struck but should prevail as to another that was not struck by the trial court, changing the extent to which they practically reshaped the lawsuit. (*Mann*, *supra*, 139 Cal.App.4th at p. 345.) We will therefore reverse the attorney fees orders to allow the trial court to determine whether defendants remain prevailing parties after *White I* and, if so, whether a different amount of attorney fees is appropriate for overlapping work on both successful and unsuccessful allegations in a single cause of action. (See, e.g., *Cole v. Patricia A. Meyer & Associates, APC* (2012) 206 Cal.App.4th 1095, 1122–1123; *Fremont Reorganizing Corp. v. Faigin* (2011) 198 Cal.App.4th 1153, 1177–1178.) In light of our reversal, we do not reach White's challenge to the awards as "shockingly excessive for work related to an anti-SLAPP motion."

### III. DISPOSITION

The orders awarding attorney fees and costs to defendants are reversed. The matter is remanded to the trial court to determine defendants' entitlement to reasonable

---

[1] Gabriel and Thompson have asked that we take judicial notice of the 2006 Santa Clara County election results to demonstrate "the tenure and experience of the superior court judge" to whom the case was reassigned and who ruled on the attorney fees motion. We deny the request as unnecessary to a material issue on appeal. (*Ketchum*, *supra*, 24 Cal.4th at p. 1135, fn. 1.)

attorney fees and costs after this court's decision in *White I*. Each party shall bear its own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Lie, J.

_____

Wilson, J.

H052203
*White v. Gabriel et al.*